# UNITED STATES FEDERAL COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **AARON MALDONADO, *et al*,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Case No. 5:21-cv-85** |
| | § | |
| **MAMMOTH ENERGY SERVICES, INC.,** | § | |
| **COBRA ACQUISITIONS, LLC, HIGHER** | § | |
| **POWER ELECTRICAL, LLC AND 5** | § | |
| **STAR ELECTRIC, LLC** | § | |
| | § | |
| **Defendants.** | § | |

---

## PLAINTIFFS' ORIGINAL COMPLAINT

---

Plaintiffs Aaron Maldonado, Abel Miranda, Anthony E. Eaton, Anthony Pardun, Baltazar Oyervides, Ben Hargrove, Billy Cambron, Billy Evans, Billy Franks, Billy Pender, Brandon W. McNatt, Bryan Duff, Casey Waymire, Charlie Cervantes, Coleman Yeager, Damion Gray, Daniel Lozoya, David Rendon, David Sanchez Basulto, Dennis W. Conners, Donald McCord, Donald Roberts, Donnie O'Neal, Edward R. Ibarra, Efrain Villastrigo, Enrique Sanchez, Jr., Gary Wall, Gerardo Garcia, Jacob Rendon, James Thompson, Jimmie Moore, Sr., Jimmie Moore, Jr., Joel Salazar, Johnny Ayres, Jordan J. Rodriguez Lopez, Jorge Luis Rivera Espinell, Jorge Ivan Torres Rivera, Jose Rodriguez Aponte, Juan M. Santiago, Justin Warren, Kardeius McClendon, Kendall Smith, Kevin Pearson, Landry See, Luis Angel Garcia Narvaez, Matthew Dane Rinker, Michael Drabant, Michael Wallace, Miguel E. Rosario, Nicholas King, Nickolas Hall, Patrick Walker, Ramiro Tijerina, Roy Wayne Bailey, Salvador Miranda, Sam Castro, Saul Sanchez, Sergio Hernandez, Steve Olivares, Warren Keith Houston, William Thomas Nix, Curtis C. Beal, Terrence Summers, Carlos Sandoval, Michael Springmeyer, Aaron Smith and Marcos R. Vinton, Jr.

(collectively "Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.  For cause of action, Plaintiffs respectfully show as follows:

## I.   PRELIMINARY STATEMENT

1.1    This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201–19.  After Hurricane Maria hit Puerto Rico, almost every single home and business in Puerto Rico lost power.   Defendants were among a number of companies that were awarded contracts to begin the task of restoring power to the island.  Defendants employed Plaintiffs to assist them in restoring Puerto Rico's electricity. Plaintiffs were non-exempt foremen, linemen and groundmen who were paid on a day rate. Plaintiffs consistently worked more than 70 hours per week but were not paid overtime premiums for such hours.

1.2     Plaintiffs bring this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the FLSA, as amended.

1.3    During the course of Plaintiffs' employment, Defendants willfully committed violations of the FLSA by failing to pay Plaintiffs overtime premiums for hours worked in excess of 40 per week.

## II.   JURISDICTION AND VENUE

2.1    The Court has subject matter jurisdiction under 28 U.S.C. § 1331, because this civil action arises under the federal law, namely the FLSA, as amended.  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2    The Court has personal jurisdiction over Defendants Mammoth Energy Services, Inc.,

Cobra Acquisitions, LLC, Higher Power Electrical, LLC and 5 Star Electric, LLC because these entities conduct business in Texas, have entered into relationships with Plaintiffs in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b), because Defendants conduct substantial business activities in this District and Division.

### III.     PARTIES

**A.     Plaintiffs**

3.1     Plaintiffs are Aaron Maldonado, Abel Miranda, Anthony E. Eaton, Anthony Pardun, Baltazar Oyervides, Ben Hargrove, Billy Cambron, Billy Evans, Billy Franks, Billy Pender, Brandon W. McNatt, Bryan Duff, Casey Waymire, Charlie Cervantes, Coleman Yeager, Damion Gray, Daniel Lozoya, David Rendon, David Sanchez Basulto, Dennis W. Conners, Donald McCord, Donald Roberts, Donnie O'Neal, Edward R. Ibarra, Efrain Villastrigo, Enrique Sanchez, Jr., Gary Wall, Gerardo Garcia, Jacob Rendon, James Thompson, Jimmie Moore, Sr., Jimmie Moore, Jr., Joel Salazar, Johnny Ayres, Jordan J. Rodriguez Lopez, Jorge Luis Rivera Espinell, Jorge Ivan Torres Rivera, Jose Rodriguez Aponte, Juan M. Santiago, Justin Warren, Kardeius McClendon, Kendall Smith, Kevin Pearson, Landry See, Luis Angel Garcia Narvaez, Matthew Dane Rinker, Michael Drabant, Michael Wallace, Miguel E. Rosario, Nicholas King, Nickolas Hall, Patrick Walker, Ramiro Tijerina, Roy Wayne Bailey, Salvador Miranda, Sam Castro, Saul Sanchez, Sergio Hernandez, Steve Olivares, Warren Keith Houston, William Thomas Nix, Curtis C. Beal, Terrence Summers, Carlos Sandoval, Michael Springmeyer, Aaron Smith and Marcos R. Vinton, Jr.

**B.     Defendants**

3.2.     Mammoth Energy Services, Inc. ("Mammoth") is an energy service company that provides

pressure pumping services, infrastructure services, drilling services and other energy services.

3.3   Mammoth was an employer of Plaintiffs as defined by 29 U.S.C. §203(d).

3.4   Mammoth can be served by serving its registered agent for service of process, Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin Texas 78701.

3.5   Cobra Acquisitions, LLC ("Cobra") is a wholly owned subsidiary of Mammoth Energy Services, Inc.

3.6   Cobra was an employer of Plaintiffs as defined by 29 U.S.C. §203(d).

3.7   Cobra can be served by serving its registered agent for service of process, Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, Oklahoma, 73159.

3.8   Higher Power Electrical, LLC ("Higher Power") is a wholly owned subsidiary of Mammoth Energy Services, Inc.

3.9   Higher Power was an employer of Plaintiffs as defined by 29 U.S.C. §203(d).

3.10   Higher Power can be served by serving its registered agent for service of process, Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin Texas 78701.

3.11   5 Star Electric, LLC ("5 Star") is a wholly owned subsidiary of Mammoth Energy Services, Inc.

3.12   5 Star was an employer of the Plaintiffs as defined by 29 U.S.C. § 203(d).

3.13   5 Star can be served by serving its registered agent for service of process, Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin Texas 78701.

3.14   Defendants Cobra, Higher Power and 5 Star functioned as a single enterprise with

Defendant Mammoth, as they 1) engaged in related activities, 2) were a unified operation or under common control; and 3) shared a common business purpose.

3.15    Defendants engaged in related activities with respect to their compensation of Plaintiffs and the avoidance of obligations imposed upon them by the FLSA.

3.16    Defendants engaged in a unified operation in that they combined, united, and organized the performance of related activities so that they were in effect a single business unit or an organized business system directed to the accomplishment of a common business purpose.  This unification of operations was accomplished through agreement or understanding by and between Defendant Mammoth with Defendants Cobra, Higher Power and 5 Star with respect to the manner and method of Plaintiffs' compensation (and lack thereof).

3.17    Defendants, albeit technically separate entities, agreed to conduct their activities in such a manner as to be for all intents and purposes a single business enterprise, in furtherance of a shared goal to both compensate Plaintiffs for their work and to deprive Plaintiffs of all overtime premiums for hours worked over forty per week.

3.18    Defendants shared a common business purpose that consisted of compensating Plaintiffs on a day rate while at the same time avoiding their obligations to pay Plaintiffs overtime premiums for hours worked over forty per week as mandated by the FLSA.

3.19    In addition to functioning as a single enterprise, Defendants were also joint employers of Plaintiffs in that all Defendants controlled the terms and conditions of Plaintiffs' employment as they performed services for Defendants.

3.20    All Defendants jointly possessed and exercised the power to hire and fire Plaintiffs; they jointly supervised and controlled the work schedules or conditions of employment of Plaintiffs; they jointly determined the rate and method of payment of Plaintiffs and they jointly maintained

employment records on Plaintiffs.

## IV.   FLSA COVERAGE

4.1     At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

4.2     At all times hereinafter mentioned, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3     At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce  – such as construction equipment, hand tools, computers, automobiles, and cell phones – by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.5     At all times hereinafter mentioned, Plaintiffs were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.   FACTUAL ALLEGATIONS

5.1     Defendants hired Plaintiffs to assist them in restoring electricity to Puerto Rico after

Hurricane Maria destroyed Puerto Rico's electrical grid.  Defendants paid Plaintiffs a day rate. This was consistent with what Plaintiffs had been told during orientation.  For example, the Human Resources Manager for Five Star sent out an email to a number of Plaintiffs that said: "Your daily pay is the same no matter what the hours are." The Human Resources Manager then listed the different day rates to be paid, depending upon each Plaintiff's experience and work history.   Once Plaintiffs started work in Puerto Rico, they were paid a day rate, as promised.

5.2     Defendants employed Plaintiffs during the three-year period preceding the filing of this Complaint as non-exempt foremen, linemen and groundmen.

5.3     Defendants did not track Plaintiffs' time and did not have any method for tracking Plaintiffs' time.  Defendants made no effort at all to determine the number of hours Plaintiffs worked each week.

5.4     Plaintiffs consistently worked in excess of 70 hours per week.

5.5     Although Plaintiffs consistently worked in excess of 70 hours per workweek, Plaintiffs have not been paid overtime premiums for any hours worked over 40 per workweek.

5.6     A number of Plaintiffs complained about Defendants' refusal to pay overtime compensation, but were told that because they were paid on a day rate, they were not entitled to overtime compensation.

## VI.     CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2      As non-exempt employees under the FLSA, if Plaintiffs worked over 40 hours in a workweek, Plaintiffs were entitled to overtime premiums for such hours.

6.3     Over the course of the relevant period, Plaintiffs routinely worked well in excess of 40 hours per week.

6.4     Even though Plaintiffs worked in excess of 40 hours per week, Defendants failed to pay Plaintiffs overtime premiums for hours worked in excess of 40 per week.

6.5     Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiffs overtime premiums for all hours worked over 40 per workweek.

6.6     In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs.

6.7     No excuse, legal justification, or exemption excuses Defendants' failure to pay Plaintiffs overtime premiums for all hours worked over 40 in a workweek.

6.8     Defendants have failed to make a good-faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.  Plaintiffs are entitled to liquidated damages for such conduct.

6.9     Plaintiffs seek all unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants Mammoth Energy Services, Inc., Cobra Acquisitions, LLC, Higher Power Electrical, LLC and 5 Star Electric, LLC be cited to appear, and that, upon trial of this matter, Plaintiffs recover the following, jointly and severally, against Defendants:

a.      Actual damages for the full amount of Plaintiffs' unpaid overtime compensation;

b.      Liquidated damages in an amount equal to Plaintiffs' unpaid overtime compensation;

c.      Reasonable attorney's fees, costs, and expenses of this action, including expert witness costs, as provided by the FLSA;

d.      Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.      Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/ *Douglas B. Welmaker*
Douglas B. Welmaker
Texas Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFFS**