IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AARON MALDONADO, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MAMMOTH ENERGY SERVICES, INC., COBRA ACQUISITIONS, LLC, HIGHER POWER ELECTRICAL, LLC, and 5 STAR ELECTRIC, LLC, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § Case No. 5:21-cv-85 |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF JIMMIE MOORE, JR.**

Pursuant to Federal Rules of Civil Procedure 37 and 41, Defendants Mammoth Energy Services Inc., Cobra Acquisitions, LLC, Higher Power Electrical, LLC, and 5 Star Electric, LLC (collectively, "Defendants") hereby move this Court to dismiss Plaintiff Jimmie Moore, Jr. ("Mr. Moore") for the reasons set forth below. In support thereof the Defendants respectfully show the Court as follows:

### I.   BACKGROUND

1.   On February 2, 2021, Plaintiffs brought this litigation against Defendants alleging claims for failure to pay overtime wages under the Fair Labor Standard Act, 29 U.S.C. § 201, *et. seq.*, as amended. Complaint (Docket No. 1).

2.   On March 16, 2021, Defendants filed an Answer and Defenses to Plaintiffs' Original Collective Action Complaint (Docket No. 5) subject to and without waiving Defendants' Motion to Compel Arbitration.

1

3.      On November 29, 2021, (Docket No. 14) the parties filed a Joint Motion to Dismiss Certain Plaintiffs' Claims and to Stay Proceedings as to the Remaining Plaintiffs' Claims. On November 30, 2021 (Docket No. 15) the Court signed an Order granting such Motion.

4.      On April 10, 2023, the stay was lifted by the Court (Docket No. 17).

5.      On April 9, 2024, the Court signed an Order granting the parties' Joint Motion to Modify the Scheduling Order (Docket No. 30). The revised discovery deadline is Friday, June 28, 2024.

6.      Defendants served Defendants' First Set of Interrogatories and Request for Production on Mr. Moore on December 15, 2023, copies of which are attached hereto as Exhibits "1" and "2", respectively. Despite requesting responses to such discovery requests on multiple occasions, it is undisputed that Mr. Moore has failed and refused to provide such answers or produce the requested documents.

7.      It is also undisputed that Defendants have requested the deposition of Mr. Moore repeatedly over the past six months.  After months of being unable to secure discovery responses or a date for Mr. Moore's deposition, Defendants were forced to serve Mr. Moore's counsel with a notice of intent to take his deposition on June 21, 2024,  a date chosen by Defendants. *See* the attached Notice of Deposition attached hereto as Exhibit "3". As expected, Mr. Moore did not appear for his deposition.

8.      While Plaintiffs' counsel does not agree to Mr. Moore's dismissal, he acknowledges that to date, he has been unable to communicate with Moore to answer the discovery or to produce Mr. Moore for deposition. It is undisputed that Mr. Moore's counsel has attempted calling, emailing, texting, sending letters out via regular mail and certified mail, and conducting a people search to locate and contact Mr. Moore, but all such efforts have been to no avail.

9. Recognizing this issue, counsel for the parties conferred regarding this Motion, and with respect to dismissal, Mr. Moore's counsel stated that, while he could not agree to the dismissal, he could state that he has been unable to produce Mr. Moore.

10. This motion followed.

## II.   LEGAL STANDARD

11. Federal Rule of Civil Procedure 37(d) enables a defendant to move for sanctions when a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Available sanctions "include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," Fed. R. Civ. P. 37(d)(3), such as "dismissing the action or proceeding in whole or in part, Fed. R. Civ. P. 37(b)(2)(A)(v).

12. Rule 41(b) of the Federal Rules of Civil Procedure governs the involuntary dismissal of actions and provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

## III.   ANALYSIS

### A.  The Court should dismiss Mr. Moore's claims under Rule 37.

13. Under Rule 37, a district court has the discretion to determine which sanctions are appropriate and may dismiss a case with prejudice as a sanction for violating a discovery order when: "(1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation must be attributable to the client instead of the attorney; (3) the violating party's misconduct must substantially prejudice the

opposing party's preparation for trial; and (4) a less drastic sanction would [not] substantially achieve the desired deterrent effect." *Oprex Surgery (Baytown), L.P. v. Sonic Auto Emp. Welfare Benefit Plan*, 704 F. App'x 376, 378 (5th Cir 2017) (citation omitted).

14. Here, the elements for dismissal under Rule 37 are satisfied. First, there is a clear record of delay. Other than filing his consent to join this lawsuit, Mr. Moore has not participated in this litigation as required. For more than six months, Mr. Moore's counsel has been unable to secure discovery responses or provide a date and produce Mr. Moore for his deposition. When Defendants were forced to unilaterally notice his deposition, Mr. Moore failed to appear for it. Notably, the deposition was noticed to occur virtually, thus no travel was required.

15. Second, the delay is clearly attributable to Mr. Moore and not his counsel. Mr. Moore failed to respond to written discovery requests, including interrogatories, for nearly six months. Further, Mr. Moore has not been in contact with or responsive to his own counsel for several months despite an amalgam of attempts to reach Mr. Moore. The failure to stay connected to this litigation is traceable directly to Mr. Moore.

16. Third, Mr. Moore's delay has undoubtedly prejudiced Defendants in their preparation for trial. Defendants do not have the ability to understand the exact complaints Mr. Moore raises in this litigation. Consequently, Defendants cannot properly defend themselves because Mr. Moore has not participated in discovery, which is designed to illuminate the issues for trial, before trial. Given that the discovery deadline expires on June 28, 2024, Mr. Moore has had sufficient time to sit for a deposition, but did not, and has prejudiced Defendants in failing to do so. *See Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 334 (5th Cir. 2014) (finding that the defendant faced substantial prejudice in defending itself in the litigation without ability to take the plaintiff's deposition).

17.     Fourth, a lesser sanction would not have a deterrent effect. Orders from the Court require the ability to communicate them to Mr. Moore. Here, however, Mr. Moore's counsel has exhausted efforts to contact him. Thus, there is no basis to conclude that warnings or orders to pay attorneys' fees or other sanctions would be effective in prompting participation in this lawsuit. Because Mr. Moore has provided no discovery, exclusion of evidence or witnesses not disclosed, as suggested in *Farmer v. Louisiana Electronic and Financial Crimes Task Force*, 553 F. App'x 386, 389 (5th Cir. 2014), would not be effective. Additionally, given Mr. Moore's complete failure to participate in this lawsuit, a conditional dismissal such as that suggested in *McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1988), would not prompt action. A Rule 37 dismissal with prejudice is proper.

### B. The Court should dismiss Mr. Moore's claims under Rule 41(b).

18.     Dismissal is appropriate under Rule 41(b) if a "clear record of delay or contumacious conduct by the plaintiff" exists and "lesser sanctions would not serve the best interests of justice." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (citations omitted). The Fifth Circuit has affirmed Rule 41(b) dismissals where there is at least one of three aggravating factors: "(1) delay attributable to the plaintiff, not to his attorney, (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct." *Bryson v. United States*, 553 F.3d 402, 403-04 (5th Cir. 2008) (citation omitted); *Price*, 792 F.2d at 474 (citation omitted).

19.     As discussed above, there is a record of delay in that Mr. Moore has not participated in this lawsuit since the beginning. Additionally, this failure is Mr. Moore's alone and no one else. Finally, Mr. Moore has an obligation to correspond and monitor the lawsuit that *he* decided to prosecute against Defendants. Mr. Moore's failure to do so is inexcusable because of the delay it causes and the additional unnecessary expenses of counsel's preparation time, arranging and

paying for a stenographer, attorney time in briefing this motion, and the Court's resources devoted to resolving it. There has been no assertion that Mr. Moore's conduct is anything other than intentional.

20. Defendants assert that the Court issuing an order to compel Mr. Moore to appear for the deposition or to show cause for his failure to appear would be futile due to the inability to contact Mr. Moore. Any remedy short of dismissal would be insufficient at this juncture. The discovery deadline passed on June 28, 2024. Defendants have graciously allowed time for Mr. Moore to participate in this litigation and can afford to do so no more. The delay has prejudiced Defendants in their efforts to prepare for any dispositive motions and trial. *See Fraser v. Patrick O'Connor & Assocs., L.P.*, No. 4:11-cv-3890, 2016 WL 4159753, at *4 (S.D. Tex. Aug. 4, 2016) ("lack of responsiveness indicates that lesser sanctions would be inadequate.").

## IV. CONCLUSION

Accordingly, Defendants respectfully request that the Court grant this Motion and enter an Order dismissing with prejudice all claims of Plaintiff Jimmie Moore, Jr.

Dated: July 3, 2024

Respectfully submitted,

**PORTER HEDGES LLP**

 /s/ William R. Stukenberg
William R. Stukenberg
Texas Bar No. 24051397
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6611
Facsimile: (713) 226-6211
wstukenberg@porterhedges.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

15457273

**OF COUNSEL FOR DEFENDANTS:**

Eugene M. Nettles
State Bar No. 14927300
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6609
Facsimile: (713) 226-6209
emnettles@porterhedges.com
M. Harris Stamey
State Bar No. 24060650
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6619
Facsimile: (713) 226-6219
hstamey@porterhedges.com

Kelly R. Ferrell
State Bar No.
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6739
Facsimile: (713) 226-6339
kferrell@porterhedges.com

Jamie L. Houston
State Bar No. 24097847
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6608
Facsimile: (713) 226-6208
jhouston@porterhedges.com

Emil M. Sadykhov
State Bar No. 24110316
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6720
Facsimile: (713) 226-6320
esadykhov@porterhedges.com

15457273

Mary Anna H. Rutledge
State Bar No. 24096149
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6658
Facsimile: (713) 226-6258
Attorneys For Defendants
mrutledge@porterhedges.com

## CERTIFICATE OF CONFERENCE

I certify that on June 13, 2024, counsel for Plaintiffs and counsel for Defendants conferred regarding the relief sought, and Plaintiffs are opposed to this motion.

*/s/   William R. Stukenberg*
William R. Stukenberg

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing in accordance with the protocols for e-filing through the CM/ECF system in the United States District Court for the Western District of Texas, San Antonio Division on July 3, 2024, and that it therefore has been served upon all counsel of record in accordance with such e-filing protocols, as follows:

Douglas B. Welmaker
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
doug@welmakerlaw.com

*/s/   William R. Stukenberg*
William R. Stukenberg

15457273