# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **AARON MALDONADO,** *et al.*, § § | |
| *Plaintiffs*, § § | |
| v. § | Case No. 5:21-cv-85 |
| § § | |
| **MAMMOTH ENERGY SERVICES, INC., COBRA ACQUISITIONS, LLC, HIGHER POWER ELECTRICAL, LLC, and 5 STAR ELECTRIC, LLC,** § § § § § | |
| *Defendants*. § § | |

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION TO PLAINTIFFS

TO:   Plaintiffs, by and through their attorney of record, Douglas B. Welmaker, Welmaker Law, PLLC, 409 N. Fredonia, Suite 118, Longview, Texas 75601.

   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Mammoth Energy Services, Inc., Cobra Acquisitions, LLC, Higher Power Electrical, LLC, and 5 Star Electric, LLC, ("Defendants") serve their First Request for Production on Plaintiffs. Plaintiffs are requested to serve their responses on Defendants' counsel within thirty (30) days from the date of service. Each discovery request is continuing in nature and Plaintiffs must timely supplement each answer as required by the Federal Rules of Civil Procedure.

Dated: December 15, 2023

Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ William R. Stukenberg*
William R. Stukenberg
Texas Bar No. 24051397
Federal I.D. No. 55792
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6611
Facsimile: (713) 226-6211
wstukenberg@porterhedges.com
**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

**OF COUNSEL:**

M. Harris Stamey
State Bar No. 24060650
Porter Hedges LLP
Telephone: (713) 226-6619
hstamey@porterhedges.com

Jamie L. Houston
State Bar No. 24097847
Porter Hedges LLP
Telephone: (713) 226-6658
jhouston@porterhedges.com

Mary Anna Rutledge
State Bar No. 24096149
Federal I.D. No. 3399718
Porter Hedges, LLP
Telephone: (713) 226-6658
mrutledge@porterhedges.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that I served Defendants' First Set of Interrogatories upon counsel of record on December 15, 2023, via electronic mail as follows:

Douglas Welmaker
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
doug@welmakerlaw.com

*/s/ Jamie L. Houston*
Jamie L. Houston

2

**DEFINITIONS AND INSTRUCTIONS TO THE REQUESTS**

The following definitions and instructions apply to each request unless otherwise explicitly stated.

Any terms not otherwise defined shall be given their plain and ordinary meaning.

**A.     DEFINITIONS**

The following definitions shall have the following meaning:

1.     "Defendants" refers collectively to Mammoth Energy Services, Inc., Cobra Acquisitions, LLC, Higher Power Electrical, LLC, and 5 Star Electric, LLC, and any of their directors, officers, partners, principals, associates, employees, staff members, agents, brokers, representatives and attorneys, collectively and singularly.

2.     "You," "your," and "Plaintiffs" refer to all named or opt-in party-plaintiffs, individually and collectively, and their agents, attorneys, or representatives.

3.     "FLSA" refers to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*

4.     "Lawsuit" refers to the legal proceeding captioned, *Aaron Maldonado, et al. v. Mammoth Energy Services, et al.*, Case No. 5:21-cv-85; pending in the United States District Court for the Western District of Texas.

5.     "Communication" means the transmittal of information (in form of facts, ideas, inquiries, or otherwise).

6.     "Document" or "documents" include, but are not limited to, the original and all non-identical copies of any written, graphic, electronic, or magnetic matter, however produced, whether sent or received, or neither, including drafts and both sides thereof, in your possession, custody, or control and specifically includes electronic documents and metadata (as defined). The terms shall include all papers, communications, correspondences, emails, letters, books, accounts,

7.     "Metadata" shall mean system and application metadata. System metadata is information describing the history and characteristics of other electronic documents. This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location, and dates of creation and last modification or access. Application metadata is information automatically included or embedded in electronic files but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing. For electronic mail, metadata includes all header routing data and Base 64 encoded attachment data, in addition to the To, From, Subject, Received Date, Sent Date, Time Sent, CC, BCC and Body fields.

8.     "Possession, custody, or control" of an item means that a person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

3

9. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

10. The terms "refer or relate" or "referring or relating" mean, without limitation, referring to, relating to, having any relationship to, pertaining to, evidencing or constituting evidence of, representing, memorializing, summarizing, describing, discussing, analyzing, evaluating, prepared by or sent to, directly or indirectly or in whole or in part, the subject matter of the particular request.

11. The conjunction "or" as used in these requests should not be read to limit part of the requests but, whenever applicable, it should have the same meaning as the word "and." For example, a request stating, "support or refer" should be read as "support and refer" if an answer that does both could be made.

12. "Demonstrating," "evidencing," "relating to," and "referring to" mean consisting of, summarizing, describing, concerning, pertaining to, reflecting, or relating or referring to in any way.

13. "Supporting" and "refuting" mean relating to, bearing on, or containing information related to your claims.

14. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

**B.    INSTRUCTIONS**

These document requests apply to all documents in your possession, custody or control regardless of their location, and regardless of whether such documents are held by your representatives, agents, attorneys, advisors, accountants, or any other person. In searching for any documents responsive to these requests, you should also search all devices or media capable of containing electronic or magnetic data including, without limitation, hard drives of all computers used by any person with knowledge of the facts relevant to the dispute, network servers, back-up and archival storage systems, home computers, laptop computers, voicemail systems, floppy disks, removable data cartridges, and any personal data assistants (e.g., a Palm Pilot, iPhone or Blackberry), including text messages. These requests also apply to instant messaging (e.g., AOL, Skype, Skype Business, Microsoft Teams, etc.), Facebook messages and posts, LinkedIn messages and posts, Instagram messages and posts, Twitter, and any and all other forms of social media that you use.

2. Pursuant to FRCP 45(b)(1)(C), Defendants specify the following form for the production of all e-mails and documents responsive to these Requests: Group IV compressed single-page TIFF or JPEG images named by Bates number with a standard LFP and OPT image load file with an image key containing the same image names/Bates numbers as the corresponding images. Please produce all TIFF/JPEG images branded and named with a unique, consistently formatted identifier such as an alpha prefix along with a fixed length Bates number (i.e., ABC0000001) and extracted text or OCR as document level text files with an LST load file or

with the appropriate pathway in the .dat file. Please provide metadata for the emails and attachments in a delimited text file (.dat) and use the following delimiters for the .dat file:

- Field separator = | (ASCII character 124) or , (ASCII character 20)
- Quote character = þ (ASCII character 254)
- Multi-entry delimiter = ; (ASCII character 059)
- Return value in data = ~ (ASCII character 126)

Please include the following in the metadata fields:

- Beginning Bates Number
- Ending Bates Number
- Media Type (i.e., "Email" or "Attachment")
- Date Sent
- Time Sent
- Date Received
- Time Received
- Date Created
- Time Created
- Date Saved
- Time Saved
- From
- To
- CC
- BCC
- Subject
- MsgID
- MD5Hash or SHA1 Hash
- Source Application
- File Extension
- File Type
- Original File Name
- Original Folder or Pathway
- Number of Attachments
- BegAttch and EndAttch Values that Accurately Reflect Family Groups

- Custodian
- Page Count
- Production Volume
- Confidential Designation (if any)
- Redacted (indicates if a document was redacted)
- Pathway for linking native file
- Pathway for linking extracted text or OCR

3. Where attachments are word processing documents, photographs, audio/video files, or spreadsheets or database files, please produce such attachments according to the following:

    **a.    Word Processing (e.g. Microsoft Word) Documents**

Please produce these files in their native format with the Bates number of the document being reflected in the file name and as Group IV compressed single-page TIFF or JPEG images named by Bates number with a standard LFP and OPT image load file with an image key containing the same image names/Bates numbers as the corresponding images. Please brand and name all TIFF/JPEG images with a unique, consistently formatted identifier such as an alpha prefix along with a fixed length Bates number (i.e., ABC0000001). Please provide extracted text or OCR as document level text files with an LST load file or with the appropriate pathway in the .dat file.

    **b.    Spreadsheets (e.g. Microsoft Excel), Database (e.g. Microsoft Access), and Accounting (e.g. Quickbooks) Files**

Please produce these files in their native format with the Bates number of the document being reflected in the file name and with place-holder images indicating the files were produced in native format. As an alternative to place-holder images, Group IV single-page TIFF or JPEG images can be produced in the manner previously specified. Please provide extracted text or OCR as document level text files with an LST load file or with the appropriate pathway in the .dat file.

    **c.    Microsoft PowerPoint Files**

Please produce these files in their native format with the Bates number of the document being reflected in the file name and with Group IV single-page TIFF or JPEG images in the manner previously specified. Please provide extracted text or OCR as document level text files with an LST load file or with the appropriate pathway in the .dat file.

    **d.    Photographs**

Please produce as Bates numbered JPEG images in at least 1200 dpi resolution.

    **e.    Audio and Video Files**

Please produce audio and video files in a format that is playable using Microsoft Windows Media Player™ and have the file name reflect the Bates number of the audio or video. Please also provide place-holder images indicating the files were produced in native format.

### f.     All Other Non-Email Native Files

Please produce any other native file types not specifically addressed as Group IV single-page TIFF or JPEG images named by Bates number with a standard LFP and OPT image load file with an image key containing the same image names/Bates numbers as the corresponding images. Please brand and name all TIFF/JPEG images with a unique, consistently formatted identifier such as an alpha prefix along with a fixed length Bates number (i.e., ABC000001). Please provide extracted text or OCR as document level text files with the appropriate tokens in the DII load file or with an LST load file.

### g.     Metadata for All Non-Email Native Files:

Please provide extracted metadata in a text delimited or CSV file for all non-email native documents. If a delimited text file is provided, please use the following delimiters:

- Field separator = | (ASCII character 124)
- Quote character = þ (ASCII character 254)
- Multi-entry delimiter = ; (ASCII character 059)
- Return value in data = ~ (ASCII character 126)

Please include the following in the metadata fields:

- Beginning Bates Number
- Ending Bates Number
- Media Type ("Edoc" or "Attachment")
- Date Created
- Time Created
- Date Last Saved
- Time Last Saved
- Author/Creator
- Document Title
- MD5Hash or SHA1 Hash
- Source Application
- File Extension
- File Type
- Original File Name
- Original Folder or Pathway
- Custodian
- Page Count
- Production Volume
- Confidential Designation (if any)
- Redacted (indicates if a document was redacted)
- Pathway for linking native file
- Pathway for linking extracted text or OCR

4.      If any copy of any document whose production is sought is not identical to any other copy thereof, by reason of any alterations, different from (e.g., electronic form), metadata or metatags, marginal notes, comments or other material contained thereon, attached thereto, or otherwise, all such non-identical copies shall be produced separately. Such other copies include, without limitation, all revisions in electronic or magnetic format.

5.      Documents shall be produced in the order in which they were maintained.

6.      If any document or tangible thing requested to be produced by these requests was, but no longer is, in your possession, custody, or control, or if the document or tangible thing is no longer in existence, please state the reason for whether the document or thing is (1) missing or lost; (2) destroyed; (3) in the possession or control of others, and if so, please identify the current custodian; or (4) disposed of, or otherwise unavailable.

7.      For each document that you claim is privileged or otherwise not discoverable: (1) describe the nature or substance of the documents, information communications, or tangible things not produced; (2) identify the author and recipient(s) of the documents or communications; (3) identify the date of the communication; (4) state where the document is currently located; and (5) identify the privilege or ground under which the document is being withheld.

8.      If no responsive documents exist for a particular response, please so indicate by stating "none."

9.      If any documents or things requested or identified were at one time in existence but are no longer in existence, then specify for each such document or thing:

   a. The type of document or thing;
   b. The types of information contained thereon;
   c. The date upon which it ceased to exist;
   d. The identity of all persons having knowledge of the circumstances under which it ceased to exist; and
   e. The identity of all persons having or who had knowledge of the contents thereof.

10.     Produce any Document that contains essential color in color. "Essential color" is any color that is essential to the understanding of the Document, such as the color in charts, maps, graphs, videos, and photographs.

11.     Each of the Definitions and Instructions is hereby incorporated by reference into, and shall be deemed a part of, each and every other definition and instruction contained herein as well as each specific request set forth below.

12.     These requests are continuing in nature and require further and supplemental responses if, between the date hereof and the time of hearing or trial, any additional information responsive to these requests comes into Your possession, custody, or control, or that of Your agents. The Definitions and Instructions are applicable to any such supplemental response.

**REQUEST FOR PRODUCTION TO PLAINTIFFS**

**REQUEST FOR PRODUCTION NO. 1:** Produce documents created or maintained by Plaintiffs relating to recording time work.

**REQUEST FOR PRODUCTION NO. 2:** Produce documents created or maintained by Plaintiffs recording wages or other compensation paid or unpaid by Defendants.

**REQUEST FOR PRODUCTION NO. 3:** Produce documents concerning any report or complaints internally to Defendants (including but not limited to supervisors or administrative departments, such as human resources, payroll, timekeeping or benefits) about FLSA claims, the report(s) or complaint(s) and any response that Defendants provided to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 4:** Produce any offer letters, employment agreements, or compensation agreements for Plaintiffs.

**REQUEST FOR PRODUCTION NO. 5:** Produce any sworn statements from individuals with information relevant to your FLSA claims.

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents Plaintiffs rely on to support their FLSA claims.

**REQUEST FOR PRODUCTION NO. 7:** Produce documents concerning your daily or weekly work activities for any Defendant during such day or week, during any time period relevant to your claims in this Lawsuit, including without limitation the following:

    (a)    Calendars (hard copy or electronic);
    (b)    Schedules;
    (c)    Hours Worked Reports;
    (d)    Receipts for expenses incurred by you while in Puerto Rico during the time period of your claims in this proceeding, including for food and entertainment; and
    (e)    All other documents reflecting your daily activities at work.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Please produce all documents concerning your compensation, including offer letters, employment agreements, and documents created or maintained by you recording wages or other compensation paid or unpaid by Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Please produce all documents supporting, refuting, or otherwise relating to your contention(s) that Defendants engaged in any conduct knowingly, willfully, or in reckless disregard in violation of the FLSA.

**RESPONSE:**

IMANAGE\015678\0003\15073378v1-12/14/23

**REQUEST FOR PRODUCTION NO. 10:** Please produce all documents concerning or showing any work you performed for or that you were employed by any of the named Defendants in this Lawsuit during any time period relevant to your claims in this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Please produce documents relating to any licenses, degrees, or certifications (professional or otherwise) you held while working for any Defendant.

**RESPONSE:**