UNITED STATES FEDERAL COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **AARON MALDONADO**, *et al*, | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Case No. 5:21-cv-85-OLG |
| **MAMMOTH ENERGY SERVICES, INC., COBRA ACQUISITIONS, LLC, HIGHER POWER ELECTRICAL, LLC AND 5 STAR ELECTRIC, LLC** | § § § § § | |
| **Defendants.** | § § | |

## PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS SUMMARY JUDGMENT EVIDENCE

Respectfully Submitted,

**WELMAKER LAW, PLLC**

/s/  Douglas B. Welmaker
Douglas B. Welmaker
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on August 23, 2024.

/s/ Douglas B. Welmaker
Douglas B. Welmaker

I.   **Standard for Motions to Strike**

On a motion for summary judgment, "the admissibility of evidence . . . is subject to the usual rules relating to form and admissibility of evidence." *Munoz v. Int'l Alliance of Theatrical Stage Emps. & Moving Picture Mach. Operators of U.S. & Can.*, 563 F.2d 205, 213 (5th Cir. 1977). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The hearsay rules as prescribed by Federal Rules of Evidence 801 and 802 apply with equal force in the summary judgment context. *Warfield v. Byron*, 436 F.3d 551, 559 (5th Cir. 2006). Furthermore, conclusory statements, unsubstantiated and subjective beliefs, and speculative statements are not proper summary judgment evidence. *See Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

Evidentiary objections must be specific and stated with particularity. FED.R.EVID. 103(a)(1); *U.S. v. Adamson*, 665 F.2d 649, 660 (5th Cir. 1982) (finding an objection inadequate when not made with particularity). General objections premised on vague reasons are improper. *U.S. v. Waldrip*, 981 F.2d 799, 804 (5th Cir. 1993).

II.  **Cherry Picked Employment Records from Non-Parties Should be Excluded.**

In their Motion for Summary Judgment, Dkt. 43, among the thousands of pages of documents Defendants have attached as exhibits, Defendants seek to utilize pay records for a variety of employees wholly unrelated to this case; who are not a part of the group of ten Plaintiffs before this Court, and whose records therefore should not be considered by this Court in resolving any of the pending Motions before the Court.  These records are specifically referred to in the Declaration of Jeffrey Beagle, attached to Defendants' Motion for Summary Judgment, Dkt 43, as Exhibit 2, and are referenced in ¶¶ 11-14 of Mr. Beagle's Declaration, and are also attached to Defendants' Motion for Summary Judgment as Exhibits 9-12.  Such records are inadmissible as

they are irrelevant to the issues currently before the court, they constitute hearsay, and their time and pay circumstances have not been shown to be similar to the circumstances of the Plaintiffs. Defendants cannot just survey its entire workforce's employment records and then simply pick and choose what documents suit its needs when trying to prove particular issues.

Just as Plaintiffs have not attempted to utilize the time and pay records from any of the multiple arbitration Claimants who prevailed in their actions against Defendants in Puerto Rico to support their claim that Defendants grossed up Plaintiffs' pay in short weeks, Defendants should not now be allowed to cherry pick records from among hundreds or thousands of employees that purportedly support their theories that other linemen who worked short weeks were not, for whatever reason, given a corresponding gross up or day rate boost.

To the extent the Court denies this Motion, Plaintiffs request permission to supplement the summary judgment record with the time and pay records of all arbitration claimants who received gross ups during short weeks, and they also request permission to depose Mr. Beagle about how these records were discovered and how many records were reviewed in an attempt to locate the four exhibits that he now claims to support Defendants' position that the day rate boosts were discretionary.

## II.     Paragraphs 5-7 of Jeff Beagle's Declaration Should be Stricken

Defendants seek to introduce a Declaration from Jeff Beagle in which he provides, for the very first time, brand new and previously undisclosed information about his interactions with Mr. Broussard, discussing the extremely detailed contents of an undated and unproduced email ostensibly sent to Defendants' outside counsel, Mr. Steven Broussard.

Mr. Beagle also invites this Court to allow him, without any support, to testify to Mr. Broussard's previously unexpressed mental impressions and state of mind about this newly disclosed and unproduced evidence. See Dkt. 43, Defendants' Exhibit 2, ECF 44, pp. 9-13. Notably, none of

the details contained in ¶¶5-7 of Mr. Beagle's Declaration regarding Mr. Beagle's interactions with Mr. Broussard are referenced in either of Mr. Broussard's depositions or in Mr. Broussard's Declaration.

In his Declaration, Mr. Beagle states under oath, that Mr. Broussard not only "understood the purpose" of Mr. Beagle's new and previously undisclosed "calculations," but that Mr. Broussard "approved" such calculations as being an FLSA "compliant" pay plan, *id*. at ¶7, a fact that Mr. Beagle then "disseminated" to all concerned. *Id*. at ¶7, p. 11.

Plaintiffs' object as hearsay and move to strike all portions of Mr. Beagle's Declaration in which he purports to recount any testimony from Mr. Broussard. Plaintiffs also object as hearsay and move to strike the "chart" recounted by Mr. Beagle in his Declaration that he claims he allegedly provided to Mr. Broussard in an undated and unproduced email, as it constitutes hearsay, and as Defendants have failed to produce this email, if it exists, even though same was specifically requested in discovery. Plaintiffs move to strike any and all mental impressions Mr. Beagle claims to have divined from any interaction with Mr. Broussard as same constitutes nothing more than rank speculation without any evidentiary foundation.

For the foregoing reasons, both employment records of non-parties to this litigation and ¶¶5-7 of Mr. Beagle's Declaration should be stricken.