UNITED STATES FEDERAL COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **AARON MALDONADO**, *et al*, § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | Case No. 5:21-cv-85-OLG |
| § | |
| **MAMMOTH ENERGY SERVICES,** § | |
| **INC., COBRA ACQUISITIONS, LLC,** § | |
| **HIGHER POWER ELECTRICAL, LLC** § | |
| **AND 5 STAR ELECTRIC, LLC** § | |
| § | |
| **Defendants.** § | |

**PLAINTIFFS' REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION FOR COLLATERAL ESTOPPEL**

Defendants begin their Response by mischaracterizing the holding of the seminal case of *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979). Contrary to Defendants' characterization, *Parklane* endorses the doctrine of offensive collateral estoppel *in spite* of potential issues such as that identified by Professor Currie and referenced by Defendants: "We have concluded that the preferable approach for dealing with these problems in the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331, 99 S. Ct. 645, 651 (1979).

Throughout their Response, Defendants either omit relevant facts, cite to inapplicable caselaw, or both. Plaintiffs address six of Defendants' arguments below.

**1.    The Fact that Defendants have Appealed the Trial Court's Order Affirming the Arbitration Award is Irrelevant.**

Defendants claim that cases on appeal cannot serve as the basis for collateral estoppel. Dkt. 53, p. 8. As such, Defendants argue, because they have appealed the trial court's order affirming the Arbitrator's award, Plaintiffs can no longer rely upon the award for collateral estoppel, as

Defendants have not had a full and fair opportunity to litigate the issues.[1]  In support, Defendants cite to one case, *Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1168 (5th Cir. 1981), for the proposition that "[T]he general rule is that if a judgment is appealed, collateral estoppel only works as to those issues specifically passed upon by the appellate court."

The Fifth Circuit is very clear on this point: the fact that the judgment at issue in a collateral estoppel analysis is on appeal is of no consequence.  The primary case addressing this issue in the Fifth Circuit, *Prager v. El Paso Nat'l Bank*, 417 F.2d 1111, 1112 (5th Cir. 1969), specifically states "The fact that the judgment [claimed as a bar] is now on appeal to the New Mexico Supreme Court (where it remains undecided) has no effect on its absolute effect as a bar." *Prager v. El Paso Nat'l Bank*, 417 F.2d 1111, 1112 (5th Cir. 1969).[2]

Additionally, the case of *Hicks v. Quaker Oats* is unrelated to whether the appellate process prevents a party from utilizing collateral estoppel.  The general rule stated in *Hicks* stands for nothing more than if a judgment is appealed, collateral estoppel only applies as to those issues specifically ruled on by the appellate court.  In other words, if there were two issues on appeal and the appellate court only rules on one, the other issue does not have preclusive effect.  *Hicks* has no applicability to this case, and the fact that Defendants have appealed the trial court's order affirming the arbitration award is irrelevant.

---

[1] Defendants state "Plaintiffs cannot establish the second required element because the *Basulto* Arbitration Award is currently on appeal in the Court of Appeals for the Sixth Appellate District of Texas.  Thus, the issues have not been fully and finally litigated." Dkt. 53, p. 8.

[2] *See also Brinson v. Park on Bandera Apartments*, No. SA-22-CV-00038-ESC, 2022 U.S. Dist. LEXIS 141243, at *6 (W.D. Tex. 2022) ("[A] case pending appeal is *res judicata* and entitled to full faith and credit unless and until reversed on appeal.").

## 2. Defendants' Argument that Plaintiffs' Counsel has Engaged in Disreputable Behavior and Should Not Be Allowed to Benefit from Same is Nonsense.

Defendants argue that "Plaintiffs should not be permitted to benefit from their counsel's improper disclosure of confidential information and blatant disregard for Defendants' rights." Dkt. 53, p.15.  Defendants are apparently referring to the fact that Plaintiffs' counsel attached the *Basulto* arbitration award to Plaintiffs' Motion to Confirm the Arbitration Award.[3]

On June 12, 2023, Judge Dulweber of Gregg County Court at Law 2, ruled in Plaintiffs' favor on the issue of sealing, finding that Defendants had failed to meet their burden to have the arbitration award sealed under Texas law.  Exhibit 1.  Defendants omit the fact that Judge Dulweber also stayed his ruling for 30 days to give Defendants time to appeal his ruling.  Exhibit 1.  Defendants chose to do nothing during this 30 day window.  Defendants have no basis_ to complain about the use of a pleading that is not confidential and was specifically not sealed by a court.

As the Seventh Circuit noted in *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002), "Respondents 'had, and spurned, a sure path to dispute resolution with complete confidentiality: accept the result of the closed arbitration.'" The same principle applies here.  The implication that counsel somehow engaged in inappropriate behavior, especially after Judge Dulweber refused to seal the arbitration award, has no merit.[4]

---

[3] Throughout their Response, Defendants attempt to cast counsel as deceitful and underhanded, accusing counsel of not being "forthcoming," of attempting to "undermine and unfairly prejudice Defendants," of engaging in "blatant disregard of Defendants' rights," of "wrongful" and "improper disclosure" of the arbitration award, even asserting that "Plaintiffs' counsel has continued filing the Award in this and other matters" (in spite of the fact that Plaintiffs' counsel has no other matters against Defendants).  These attacks bring to mind the old adage, "If you have the facts in your favor, pound the facts; if you have the law in your favor, pound the law; if you have neither, pound the table."

[4] Defendants argue later in their Response that "Because the Award and *Basulto* Arbitration proceedings should have been kept confidential, the information this Court needs to decide whether to apply issue preclusion should have been unavailable." Dkt. 53, p. 17.  Defendants are confusing their preferred result with the actual ruling; the *Basulto* award is public because Judge Dulweber ruled Defendants failed to meet their burden to have it sealed.  Exhibit 1.  Additionally,  Defendants have now tacitly admitted that this Court *does indeed* have what it needs to decide the issue of collateral estoppel available to it ("the information this Court needs to decide whether to apply issue preclusion

### 3. Whether the Underlying Action is a Collective Action has No Bearing on this Court's Collateral Estoppel Analysis.

Defendants argue that because "the *Basulto* Claimants waived collective action procedures and agreed to arbitrate their claims individually…any resulting award should therefore affect only those Claimants." Dkt. 53, p. 16. Defendants appear to argue that collateral estoppel can only apply to the current case if the underlying suit was a collective action, and that because Plaintiffs agreed to proceed against Defendants individually, collateral estoppel somehow does not apply. *Id*. Defendants do not cite any case law in support of their argument, and seem to fundamentally misunderstand that offensive collateral estoppel is not focused on the Plaintiffs, it is focused on the Defendants, as set forth in more detail *infra* at p. 7.

### 4. The Possible Existence of Unproduced, Anonymous Sealed Orders Allegedly Addressing Similar Motions has no Value, Precedential or Otherwise.

Defendants argue that "at least five different Arbitrators have considered and denied near-identical motions for collateral estoppel filed against Defendants." Dkt. 53, p.17. Such generic references to anonymous rulings have no precedential value. Defendants do not provide copies of these rulings, although they could have provided them, under seal, had they so desired. Additionally, Defendants do not provide the circumstances and/or facts upon which such motions and rulings were based, nor do they reveal whether any allegedly similar motions for collateral estoppel were ever granted. Defendants are asking this court to simply rely on their word that other arbitrators have denied similar motions under similar circumstances, and then invite this Court to follow suit. This Court should decline to do so.

---

should have been unavailable."), contradicting their argument that Plaintiffs have failed to provide a sufficient record of what was determined in the *Basulto* arbitration. Compare Dkt. 53 at 17 with Dkt. 53 at 6 (Plaintiffs have failed to bring forth an adequate record).

### 5. Plaintiffs Have Produced More than a Sufficient Basis for a Thorough Analysis of the Issues Addressed and Decided by the Arbitrator.

Defendants argue that Plaintiffs have failed to produce a "sufficient record" of what was determined by the Arbitrator, and as such, the Motion should be denied.[5] The Arbitration Award was 30 pages long. It was detailed, thorough, recited all facts presented to and considered by the Arbitrator, and then applied the law to the facts in order to reach the final result. Defendants have cited no cases that say collateral estoppel cannot be based upon an arbitration award alone. In each case cited by Defendants to support their position, the reviewing court found that the award did not address the issue it had been tasked to review in the context of collateral estoppel.

For example, in support of their proposition that more evidence must be presented than just the award, Defendants cite to *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir. 1992). In *Clark*, the Ninth Circuit explained that the Defendants could not meet their burden of showing with clarity and certainty what issues were decided by the arbitrator because the arbitration award failed to analyze a choice of law issue, which was outcome determinative. The California law advocated by one party was radically different from the New York law advocated by the other. Because the award failed to address the choice of law issue, the Court found that the award alone was insufficient for a collateral estoppel analysis. Importantly, the court also noted this very issue could have been avoided had the arbitration panel made specific findings of fact and of law in the arbitration award, much like Arbitrator Clifford did here. *See id. a*t FN 4. *Clark* does not stand for the proposition that an arbitration award is never sufficient in the collateral

---

[5] More precisely, Defendants argue "Plaintiffs do not produce *any* briefing or evidence from the *Basulto* Arbitration that ostensibly supported the Award; nor are they forthcoming about the fact that Defendants have since appealed the Award…" Dkt. 53, p. 6.

5

estoppel context, it stands only for the proposition that *in Clark*, the arbitration award was insufficient for the court to determine whether collateral estoppel applied.[6]

In conjunction with the above argument, Defendants also cite to a number of Fifth Circuit cases that they argue stand for the proposition that even if a sufficient record of the underlying proceedings has been provided, collateral estoppel can only be used if the facts in the case sought to be used as a bar are uncontroverted.[7]  For example, Defendants cite to *Energy Development Corp. v. St. Martin*, 296 F.3d 356, 363 (5th Cir. 2002) for the proposition that "Fifth Circuit 'cases allowing consideration of res judicata or collateral estoppel on appeal do so only if all of the relevant facts are contained in the record and are uncontroverted.'"  Dkt. 53, p. 5.

In *Energy Development*, the Court was addressing the issue of whether res judicata can be addressed for the first time *on appeal* to reverse the judgment of the trial court:

> … [I]n a narrow, well-defined class of cases, the defense of res judicata may be considered for the first time on appeal. These cases hold that an appellate court can address res judicata for the first time on appeal, but only to affirm the district court's judgment and only if all of the relevant facts are contained in the record and are uncontroverted. *Jackson*, 213 F.3d at 890-891; *Russell*, 962 F.2d at 1172. St. Martin asserts the defense to reverse the district court.

*Energy Dev. Corp. v. St. Martin*, 296 F.3d 356, 361 (5th Cir. 2002).  Aside from the fact that Plaintiffs are not asserting res judicata, because this case is not on appeal, and because an appellate court is not addressing Plaintiffs' collateral estoppel claims for the first time on appeal, the cited cases are inapplicable.  Defendants also cite to *GLF Const. Corp. v. LAN/STV*, 414 F.3d 553, 555 n.2 (5th Cir. 2005) for the proposition that "[I]f reasonable doubt exists as to what was decided in

---

[6] Defendants also cite to *In re Braniff Airways, Inc.*, 783 F.2d 1283, 1289 (5th Cir. 1986) for the proposition that "The party seeking to assert that an issue was already adjudicated upon bears the burden of proving that contention, particularly where the record is ambiguous or confusing." Yet Defendants do not identify what in the arbitration award is ambiguous or confusing.

[7] Defendants state "…because the relevant facts are not before this Court—or, even if they were, because the relevant facts are *controverted*—Plaintiffs have failed to carry their burden in the Motion. Dkt. 53, p. 7 (emphasis added).

the first action, the doctrine of *res judicata* should not be applied." Dkt. 53, p. 5. Once again, the court in *GLF* was discussing the issue of res judicata being raised *for the first time on appeal*. The full quote is as follows:

> *See Energy Dev. Corp. v. St. Martin*, 296 F.3d 356, 363 (5th Cir. 2002) ("Our cases allowing consideration of *res judicata* or collateral estoppel <u>on appeal</u> do so only if 'all of the relevant facts are contained in the record and are uncontroverted.'"); *see also Matter of Braniff Airways*, 783 F.2d 1283, 1289 (5th Cir. 1986) (stating that "the party seeking to assert that an issue was already adjudicated upon bears the burden of proving that contention" and that "if reasonable doubt exists as to what was decided in the first action, the doctrine of *res judicata* should not be applied").

*GLF Constr. Corp. v. LAN/STV*, 414 F.3d 553, 555 n.2 (5th Cir. 2005) (emphasis added).

The cases cited by Defendants are inapplicable. Further, none of the cases cited by Defendants stand for the proposition that the facts of the case being used as a bar must be uncontroverted for collateral estoppel to apply.

### 6. Defendants' Unfairness Arguments Are Inapplicable.

Finally, Defendants argue that Plaintiffs' attempted use of collateral estoppel is unfair because Plaintiffs are "unfairly [seeking to] impose upon Defendants the findings of a single arbitrator—which are currently on appeal—related to a *different group* of workers who worked at different time periods and for different entities, and without providing the Court with sufficient record evidence to analyze the issues and arguments. Dkt. 53, p. 13.

First, Defendants argue that "the 29 Claimants in the *Basulto* Arbitration are not the same individuals as Plaintiffs. Each of the Claimants in the *Basulto* Arbitration held a different position and were paid on a different wage scale, depending on their skill level, than each of the Plaintiffs here." Dkt. 53, p. 9. Defendants ignore the fact collateral estoppel in the Fifth Circuit does not require the same plaintiffs in both the prior and subsequent litigation.

As this Court noted in *United States v. Chengyu Wang*, CA No. 5:19-cv-00586-OLG, 2019

U.S. Dist. LEXIS 239575, at *8-9 (W.D. Tex. 2019):

> Historically, collateral estoppel required mutuality of parties, or, in other words, that both parties to the current suit were parties to the prior suit. *See Triplett v. Lowell*, 297 U.S. 638, 645, 56 S. Ct. 645, 80 L. Ed. 949, 1936 Dec. Comm'r Pat. 662 (1936). The Supreme Court altered the mutuality rule, however, in *Blonder-Tongue Labs., Inc. v. University of Illinois Found*, in which it allowed a non-party to the prior judgment to use that judgment against a prior party. 402 U.S. 313, 350, 91 S. Ct. 1434, 28 L. Ed. 2d 788 (1971). This shift from the mutuality rule did not change the requirement that the party (or its privies) against whom the judgment is being used must have been a party (or in privity with a party) to the prior proceeding. *Id.* at 329.

Here, there is no question that the parties against whom Plaintiffs seek to enforce collateral estoppel were parties in the arbitration proceeding; all four Defendants in this lawsuit were also named as Defendants (or Respondents) in the arbitration. That the Plaintiffs in this action are not the Claimants in the arbitration is irrelevant.

Defendants also argue that "the Arbitrator in the *Basulto* Arbitration reviewed and based his decision on the specific pay stubs and payroll records of those specific Claimants, which are not the same records that would be considered in this matter (and, again, have not been placed before the Court in support of Plaintiffs' Motion)." Again, Defendants misunderstand that collateral estoppel does not require identical plaintiffs but is based on the actions of a defendant.

Plaintiffs' Motion for Collateral Estoppel is based on the fact that Defendants in this case (and in all other related litigation) consistently argued that they only employed a single "wage scale" that qualified as a "hourly plus overtime" plan, while the linemen in *Basulto* and in this litigation contend Mammoth's pay plan was, in fact, a day rate pay plan with no overtime. Defendants (then Respondents) made the identical argument at the *Basulto* arbitration that they have made in the past and are currently making in this litigation.

The *Basulto* award decided the issue of whether Mammoth, Five Star and Higher Power "paid on a day-rate or hourly basis" *See* Dkt. 42, Attachment 1 at 9, finding that Mammoth, Five Star and Higher Power paid a day rate with no overtime.

Additionally, Mammoth has consistently argued, in *Basulto*, in this case, and all other ongoing and concluded arbitrations, that only Higher Power and Five Star employed the linemen, while the linemen in *Basulto* and this litigation contend that Mammoth Energy Services, and Cobra Acquisitions, LLC, at a minimum, employed the linemen. The *Basulto* award decided whether Mammoth Energy Services, Inc. employed the linemen jointly along with Higher Power and Five Star, concluding that Mammoth Energy Services, Inc. was an employer for purpose of the FLSA. *See* Dkt. 42, Attachment 1 at 9.

Finally, Defendants cite to *Hardy v. Johns-Manville Sales Corp.* for the proposition that the Fifth Circuit determined it was an abuse of discretion to apply offensive collateral estoppel in a personal injury case brought by multiple workers against various product manufacturers for illnesses related to asbestos exposure.

Defendants state that the Fifth Circuit ultimately concluded that a determination that some asbestos insulation products were dangerously defective could not be given preclusive effect because it was not clear that the issues were the same. *Id.* at 346–48. No such problem exists here.

Unlike the Plaintiffs in *Hardy*, Plaintiffs are not advocating for anything beyond what was originally decided by the Arbitrator. The arbitration award in *Basulto* was limited to, among other things, whether Mammoth was a joint employer along with Higher Power and Five Star, and whether the pay plan utilized by Mammoth, Higher Power and Five Star was a violation of the FLSA. Plaintiffs are not seeking to expand the scope of the Arbitrator's ruling, nor are they trying

9

to insert additional issues not reached or considered by the Arbitrator. As such, *Hardy* is inapplicable.

Because Defendants have failed to provide any legitimate argument for denying Plaintiffs' Motion for Collateral Estoppel, and because Plaintiffs have presented valid justifications, in addition to relevant case law, supporting the application of collateral estoppel to this case, Plaintiffs' Motion should be granted.

Respectfully Submitted,

**WELMAKER LAW, PLLC**

/s/  Douglas B. Welmaker
Douglas B. Welmaker
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on August 30, 2024.

/s/ Douglas B. Welmaker
Douglas B. Welmaker