

# Vincent L. Dulweber, Judge
County Court at Law No. 2
Gregg County, Texas

**Sheryl A. Ferrill**
Official Court Reporter
sheryl.ferrill@co.gregg.tx.us

**Wendy Ligon**
Court Coordinator
wendy.ligon@co.gregg.tx.us

101 E. Methvin St., Suite 303
Longview, Texas 75601

Phone 903.234.3110
Fax 903.234.3112

June 12, 2023

Mr. Douglas B. Welmaker
Attorney at Law
409 N. Fredonia, Suite 118
Longview, Texas 75601

Mr. Eugene M. Nettles
Attorney at Law
1000 Main Street, 36th Floor
Houston, TX 77002

Re:   Terrence Summers vs. Mammoth Energy Services, Inc., et al; Cause No: 2023-429-CCL2
      MOTION TO PERMANENTLY & TEMPORARILY SEAL COURT RECORDS RULING

Counsel:

**Matters Considered by the Court**
The Court made a careful review of the Court's file, the Motion to Permanently Seal Court Records and Motion for Sealing filed by Respondents, Mammoth Energy Services, Inc, and Higher Power Electric, LLC, the responses thereto filed by Petitioner, together with the arguments of counsel, and sets forth its ruling.

**Motions to Permanently Seal**
Respondents filed a Motion to Permanently Seal the Interim Award with Findings of Fact and Conclusions of Law, seeking to seal an Interim Arbitration Award entered in an Arbitration conducted in San Juan, Puerto Rico. On April 10, 2023, this Court entered an Order to Temporarily Seal the Interim Award and Findings of Fact and Conclusions of Law, and Respondents seek to have said Interim Arbitration Award permanently sealed, together with a request to Temporarily Seal Respondents' Motion to Vacate Final Arbitration Award, and to Confirm Award in Part.

Mr. Douglas B. Welmaker
Mr. Eugene M. Nettles
June 12, 2023
Page 2

**Court Records**
The documents sought to be sealed are the Interim Award and Findings of Fact and Conclusions of Law and Respondents' Motion to Vacate Final Arbitration Award and to Confirm Award in Part. The Petition seeking to Confirm the Arbitration Award attached the Interim Award and Findings of Fact and Conclusions of Law as an Exhibit to the Petition initiating this Cause. A redacted version of Respondents' Motion to Vacate Final Arbitration Award and to Confirm Award in Part was filed with this Court under this Cause. The Court finds, by a preponderance of the evidence, that the documents in question are "court records" as defined in Rule 76a(2)(c) of the Texas Rules of Civil Procedure.

**Motion to Permanently Seal Interim Award**
Respondents assert that the Interim Arbitration Award is confidential pursuant to the Federal Arbitration Act that Petitioner agreed to be bound by under an Employment Agreement entered into by Petitioner. As a basis for seeking to permanently seal the Interim Arbitration Award, Respondents assert that the Interim Arbitration Award contains and discusses sensitive information concerning Respondents' business, as well as non-final findings of facts and conclusions of law from a *private* and *confidential* arbitration." (emphasis theirs) Additionally, Respondents assert that the Interim Arbitration Award contains "personal, confidential employment information concerning twenty-eight (28) other claimants who are not party to this proceeding." Finally, Respondents assert that "public disclosure [of the information contained in the Interim Arbitration Award] presents an immediate and imminent risk of persons taking such information and attempting to use it in a manner adverse to Respondents including in other legal proceedings involving similar claimants."

**Ruling on Motion to Permanently Seal Interim Award**
This Court finds that the Interim Arbitration Award is subject to a Confidentiality Agreement. However, the Court finds that a party seeking to seal court records under Texas Rule 76a must establish a need to seal independent of any confidentiality agreement entered into by the parties. The Court finds that the Interim Arbitration Award sought to be sealed does not disclose sensitive or proprietary information concerning Respondents' business. The Court does find that specific information in the Interim Arbitration Award concerning any claimants that has not been made a party to this Cause should be redacted as an alternative to sealing the entire Interim Arbitration Award. Otherwise, the Court finds that, with respect to the Interim Arbitration Award, Respondents have failed to demonstrate, by a preponderance of the evidence: (a) a specific, serious and substantial interest which clearly outweighs (1) the Rule 76a presumption of openness, and (2) any probable adverse effect that sealing will have upon the general public health or safety; and (b) no less restrictive means than sealing the Interim Arbitration Award will adequately and effectively protect the specific interest asserted.... Except as herein provided, said Motion to Permanently Seal Interim Award is Denied.

Mr. Douglas B. Welmaker
Mr. Eugene M. Nettles
June 12, 2023
Page 3

**Motion to Temporarily Seal Motion to Vacate Final Arbitration Award**
On June 5, 2023, Respondents filed a separate Motion for Temporary Sealing of Respondents' Motion to Vacate the Final Arbitration Award, and to Confirm Award in Part. On the same grounds the Court denied Respondents' Motion to Permanently Seal Interim Award, the Court is denying Respondents' Motion for Temporary Sealing of Respondents' Motion to Vacate the Final Arbitration Award, and to Confirm Award in Part, except to the extent of redacting and otherwise sealing any records concerning any claimants that has not been made a party to this Cause.

**Stay of the Court's Order**
The Court is Staying the Court's Ruling for a period of Thirty (30) days, during which time the Interim Arbitration Award will remain Temporarily Sealed and Respondents' Motion to Vacate the Final Arbitration Award, and to Confirm Award in Part will be Temporarily Sealed.

Sincerely,

Vincent L. Dulweber
Presiding Judge