UNITED STATES FEDERAL COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AARON MALDONADO, *et al*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §   Case No. 5:21-cv-85-OLG |
| | § |
| MAMMOTH ENERGY SERVICES, INC., | § |
| COBRA ACQUISITIONS, LLC, HIGHER | § |
| POWER ELECTRICAL, LLC AND 5 | § |
| STAR ELECTRIC, LLC | § |
| | § |
| Defendants. | § |

**PLAINTIFFS' REQUEST FOR CONSIDERATION OF ALL ARBITRATION ORDERS**

In their Response (Dkt. 53) to Plaintiff's Motion for Collateral Estoppel (Dkt. 42), Defendants make the following claim:

> Here, like in Professor Currie's example, Plaintiffs ask the Court to apply collateral estoppel based on the decision of one Arbitrator, even though at least five different Arbitrators previously denied near-identical motions for application of collateral estoppel based on the same exact March 8, 2023 Interim Award ("Award") entered in *Basulto, et al. v. Mammoth Energy Services, In*c., et al., AAA Arbitration Nos. 21:A-001 to 21:B-043 (the "Basulto Arbitration"), and four different Arbitrators dismissed similar claims against Defendants entirely.

Dkt. 53, pp. 1-2.

At the end of this paragraph, in footnote 1, Defendants state the following: "Because the parties to those arbitrations agreed to keep the proceedings confidential, Defendants have not attached to this Response the prior arbitral orders in companion cases denying claimants' motions for issue preclusion or granting summary judgment in Defendants' favor. However, if the Court

desires to review those orders, Defendants' counsel can provide it for *in camera* review." Dkt. 53, p. 2.

Today, May 13, 2025, this Court directed Defendants to produce the above referenced arbitration orders: "IT IS THEREFORE ORDERED that Defendants shall file any prior inconsistent arbitral orders EX PARTE and UNDER SEAL no later than Monday, May 19, 2025. Defendants shall highlight any purportedly inconsistent language contained therein." Dkt. 64.

Plaintiffs respectfully suggest that to place the arbitration orders cherry picked by Defendants into their proper context, Defendants should be required to produce to this Court <u>all</u> arbitration orders entered in this litigation, both for and against Defendants.

Defendants have opened the door to this request by their selective disclosure of only those orders that support their claims. Production of all arbitration orders would necessarily provide this Court with the framework needed to determine what weight, if any, to assign to the orders referenced by Defendants in their Response. Plaintiffs do not object to the provision of such orders to this Court EX PARTE and UNDER SEAL.

Respectfully submitted,

**WELMAKER LAW, PLLC**

<u>/s/  Douglas B. Welmaker</u>
Douglas B. Welmaker
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFFS**

2

3

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on May 13, 2025.

/s/ Douglas B. Welmaker
Douglas B. Welmaker