FILED
June 09, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **AARON MALDONADO *et al.*,** § | |
| **Plaintiffs,** § | |
| § | |
| v. § | **CIVIL NO. SA-21-CV-85-OLG** |
| § | |
| **MAMMOTH ENERGY SERVICES, INC. *et al.*,** § | |
| § | |
| **Defendants.** § | |

## O R D E R

Pending before the Court is Plaintiffs Aaron Maldonado, Ben Hargrove, Bryan Duff, Donald Roberts, Gerardo Garcia, Jorge Luis Rivera Espinell, Jose Rodriguez Aponte, Juan M. Santiago, Kevin Pearson, and Miguel E. Rosario's (collectively, "Plaintiffs") Motion for Collateral Estoppel (the "Motion") (Dkt. No. 42), to which Defendants Mammoth Energy Services, Inc. ("Mammoth"), Cobra Acquisitions, LLC ("Cobra"), Higher Power Electrical, LLC ("Higher Power"), and 5 Star Electric, LLC ("5 Star") (collectively, "Defendants") filed a response (the "Response") (Dkt. No. 53), and Plaintiffs filed a reply (the "Reply") (Dkt. No. 60). For the reasons that follow, the Motion (Dkt. No. 42) is **DENIED**.

### I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case arising from Defendants' alleged joint employment of "Plaintiffs to assist them in restoring electricity to Puerto Rico after Hurricane Maria destroyed Puerto Rico's electrical grid." Dkt. No. 1 at 6–7. Plaintiffs allege that they were paid a day rate and, despite working approximately seventy hours per week, they were denied overtime pay. *Id.* at 7. Plaintiffs assert FLSA claims for Defendants' alleged failure to pay overtime wages. *Id.* at 7–8; *see* 29 U.S.C. § 207(a)(1).

On February 2, 2021, Plaintiffs initiated this lawsuit alongside dozens of their fellow employees. *See* Dkt. No. 1. However, many of these employees signed binding arbitration agreements. Dkt. No. 14 at 2–3. Accordingly, the parties jointly moved to dismiss those employees (the "Other Employees") so their claims could be resolved in arbitration. *Id.* The parties also asked the Court to stay this case pending the outcome of arbitration. *Id.* at 4. The Court granted the parties' motion. *See* Dkt. No. 15.

On March 8, 2023, the Other Employees prevailed in arbitration. The arbitrator found that they were paid a day rate and, thus, deprived of overtime wages for any time they worked in excess of forty hours per week. *See* Dkt. No. 17-1 at 13–30. Furthermore, the arbitrator found that the Other Employees were jointly employed by Mammoth and Higher Power or 5 Star. *See id.* at 7–13. On April 5, 2023, Plaintiffs moved to lift the stay, *see* Dkt. No. 17, which the Court granted. *See* Text Order dated April 10, 2023. On August 2, 2024, Plaintiffs filed the Motion presently pending before the Court. *See* Dkt. No. 42. On August 23, 2024, Defendants filed the Response. *See* Dkt. No. 53. On August 30, 2024, Plaintiffs filed the Reply. *See* Dkt. No. 60.

## II.   ANALYSIS

In the Motion, Plaintiffs argue that the doctrine of non-mutual offensive collateral estoppel precludes Defendants from relitigating two key issues resolved in the Other Employees' arbitration proceeding. Specifically, Plaintiffs contend that they should not be required to relitigate whether they were paid a day rate and whether they were jointly employed by Mammoth and Higher Power or 5 Star. *See* Dkt. No. 42 at 2, 10. The Court disagrees.[1]

---

[1] Defendants' raise numerous arguments in their Response, most of which are specious. For example, Defendants indirectly assert that collateral estoppel does not apply in the context of arbitral decisions. *See* Dkt. No. 53 at 4. The Fifth Circuit disagrees. *See, e.g., Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1136–37 (5th Cir. 1991). Rather than identifying any of the several Fifth Circuit cases on this point, Defendants cite decisions of "the Supreme Courts of California and Utah." Dkt. No. 53 at 4. These cases are irrelevant here. Likewise, Defendants argue that, because they filed an appeal, the arbitrator's decision is not final and, thus, cannot support the application of collateral estoppel. *See id.* at 9. Once again, the Fifth Circuit disagrees. Fifth Circuit authority expressly permits the application

The following four conditions must be met before a plaintiff may use collateral estoppel offensively: "(1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine." *Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415, 1422 (5th Cir. 1995) (citing *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994)). The primary problem for Plaintiffs is that the issues in both actions must be "identical." *Id.* In many cases, identicality is easy to spot. If a jury finds that a particular product is defective, subsequent litigation regarding the same defect with respect to the same product clearly involves identical issues. In other cases, however, the analysis is more complex. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. c (AM. L. INST. 1982) ("One of the most difficult problems . . . is to delineate the issue on which litigation is, or is not, foreclosed by the prior judgment.").

Both issues raised by Plaintiffs are particularized with respect to each employee. *See Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014); *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945). In other words, just because some employees of Higher Power and 5 Star are jointly employed by Mammoth, it does not necessarily follow that all employees are. Likewise, some employees may have received day rates while others may have been paid by the hour. While the evidence will likely overlap, Plaintiffs have failed to meet their burden of demonstrating identicality and, thus, collateral estoppel is inapplicable. *See United States v.*

---

of collateral estoppel during the pendency of an appeal. *See Prager v. El Paso Nat'l Bank*, 417 F.2d 1111, 1112 (5th Cir. 1969) (per curiam). To reach the opposite conclusion, Defendants misleadingly reference another Fifth Circuit case which, in fact, does not support their position. *See* Dkt. No. 53 at 8–9. In any event, since filing the Response, Defendants lost on appeal and have not yet petitioned the Supreme Court of Texas for discretionary review. *See Mammoth Energy Servs., Inc. v. Summers*, No. 06-24-10-CV, 2025 WL 211636, at *6 (Tex. App.—Texarkana Jan. 16, 2025, no pet. h.) (mem. op.) ("We affirm the trial court's judgment."). All this to say, the Court declines to address each of the myriad meritless arguments raised by Defendants. Doing so would unnecessarily waste judicial resources.

3

*Stauffer Chem. Co.*, 464 U.S. 165, 172 (1984) (permitting collateral estoppel only where "[a]ny factual differences between the two cases . . . are of no legal significance whatever in resolving the issue presented in both cases").

Furthermore, as set forth above, the Court may decline to apply collateral estoppel offensively when doing so would be unfair to the defendant. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 330 (1979). To avoid unfairness, the offensive use of collateral estoppel is only appropriate when "the following conditions are met: (1) the party asserting collateral estoppel could not easily have joined in the action relied on; (2) the party against whom collateral estoppel is being asserted had the incentive to defend the first action vigorously; (3) the judgment relied on is not inconsistent with any previous decisions; and (4) there are no procedural opportunities in the second action which were unavailable in the first action which might be likely to cause a different result." *Sun Towers, Inc. v. Heckler*, 725 F.2d 315, 322 n.7 (5th Cir. 1984) (citing *Parklane Hosiery Co.*, 439 U.S. at 331–32).

After Defendants completed their work in Puerto Rico, a number of their employees initiated separate arbitration proceedings litigating the very issues raised by Plaintiffs. *See* Dkt. No. 67 at 1. In some cases, Defendants prevailed. *See, e.g.*, Dkt. Nos. 69-1 at 4–5; 69-2 at 2; 69-3 at 3–4. In the others, they lost. *See, e.g.*, Dkt. No. 69-9 at 47; 69-11 at 12, 24, 28–29. It would be manifestly unfair to estop Defendants from relitigating issues based on one selectively produced arbitral order. Once inconsistent decisions are reached, as is true here, "none may be given preclusive effect." *Gough v. Nat. Gas Pipeline Co. of Am.*, 996 F.2d 763, 769 (5th Cir. 1993) (citing *Parklane Hosiery Co.*, 439 U.S. at 330–31 & n.14).

4

### III. CONCLUSION

For the foregoing reasons, the Motion (Dkt. No. 42) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this ___9___ day of June, 2025.

                                                  ORLANDO L. GARCIA
                                                  United States District Judge